IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL S. WILSON, # R-06115,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-1347-NJR |
| | ) |
| **VICKI HUBBARD,** | ) |
| **and KAREN MILLER,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On December 10, 2015, following the Memorandum and Order entered in *Wilson v. Rensing, et al.*, Case No. 15-cv-1249-NJR-DGW (Doc. 1 in the instant case), this matter was severed from the original case. This severed action contains the claim designated in Case No. 15-1249 as Count 12, against Defendants Hubbard and Miller, for denying Plaintiff legal supplies and denying him access to the courts (See Doc. 2).

The factual basis for this claim is that Pinckneyville Law Librarian Dana Prasaki (who Plaintiff did not name as a defendant) refused to issue legal supplies to Plaintiff in March 2014, at a time when Plaintiff had a negative balance in his trust account. Plaintiff claims that he was receiving indigent clothing supplies during that time, and he should have been eligible for indigent legal supplies as well. Defendant Miller prepared a trust fund record of Plaintiff's account. Defendant Hubbard failed to check Plaintiff's account records, and she did not help Plaintiff get the legal supplies. As a result, Plaintiff was "unable to complete law work" and was denied access to the courts.

In the threshold review order at Doc. 1, the undersigned concluded that Plaintiff failed to state a claim upon which relief may be granted in Count 12 for denial of access to the courts. The complaint did not describe the legal claim(s) that were prejudiced when Plaintiff was unable to prepare or present documents to the court(s), and it did not explain how Defendants' conduct affected his ability to pursue those claim(s). For these reasons, Count 12 was dismissed without prejudice. Because this claim involved distinct Defendants and facts from the other claims in the original action, Count 12 was severed into this separate case.

In order for this action to proceed, Plaintiff must submit an amended complaint to cure the deficiencies in his original pleading (Doc. 2). If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, this severed case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

**IT IS THEREFORE ORDERED** that the complaint (Doc. 2) is **DISMISSED without prejudice** for failure to state a claim in Count 12 upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within **35 days** of the entry of this order (on or before **January 20, 2016**). It is strongly recommended that Plaintiff use the form designed for use in this district for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-1347-NJR. The amended complaint shall contain ONLY the claims and allegations designated by the Court as Count 12 in Doc. 1. Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under this count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint–in other words, Plaintiff must start over "from scratch" to prepare a complete amended pleading. The First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  December 16, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**