**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL S. WILSON, # R-06115,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-1347-NJR** |
| | ) | |
| **VICKI HUBBARD,** | ) | |
| **KAREN MILLER,** | ) | |
| **and DANA PRASAKI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint, filed on January 14, 2016, at the direction of the Court (Doc. 13). This action was severed from *Wilson v. Rensing, et al.*, Case No. 15-cv-1249-NJR-DGW, and contains the claim designated in Case No. 15-1249 as Count 12, for denial of legal supplies and denial of access to the courts (*see* Doc. 1). As with the original pleading, the Court is required to screen the amended complaint and must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A.

**The Amended Complaint**

In addition to the two original Defendants associated with this claim (Hubbard and Miller), Plaintiff now includes Dana Prasaki (Pinckneyville C.C. Law Librarian) as a Defendant.

First, Plaintiff alleges that Defendant Hubbard (counselor) failed to secure the indigent legal supplies that he needed in order to pursue claims in Case Numbers 14-cv-71-NJR-DGW

(S.D. Ill.); state cases numbered 10-F-615 and 10-OP-1119; and 14-cv-1274-MMM-JEH (C.D. Ill.). He maintains that when he requested legal materials in March 2014, he was indigent and should have been given the items at no charge (Doc. 13, pp. 5, 11-13, 19). The statement of claim does not explain Defendant Hubbard's specific conduct, but Plaintiff attaches a grievance in which he complained that Defendant Prasaki refused to issue legal supplies to him, and Defendant Hubbard failed to investigate his claim of indigency. According to Plaintiff, it Defendant Hubbard had looked into the matter, she would have found that he met the eligibility criteria to obtain these supplies (Doc. 13, p. 11). Because of the lack of supplies, Plaintiff claims that he experienced delay in the listed cases, which caused distress to him. Beyond that "distress," his case in the Central District of Illinois (*Wilson v. Madigan*, No. 14-cv-1274-MMM-JEH) was dismissed and he incurred a strike, which he attributes to the lack of legal supplies (Doc. 1, p. 5). Specifically, he explains that the delay caused him to file the case at a time when one of the defendants in that action (April Sue Krigner) had returned to Illinois from another state, thus "voiding [his] federal claim." *Id.*

Defendant Karen Miller (trust fund officer) failed to correct Plaintiff's account information to reflect his indigent status, even after he informed her of the problem. This failure to act also contributed to the delay in the cases listed above, and the dismissal of Case No. 14-cv-1274.

Finally, Defendant Prasaki refused to provide Plaintiff with indigent legal supplies, even after the documentation of Plaintiff's eligibility was cleared up. Again, this failure contributed to the alleged prejudice to Plaintiff's pending cases.

He adds that Defendants' actions caused him to be unable to secure counsel in all the listed cases (Doc. 13, p. 6).

As relief, Plaintiff seeks compensatory and punitive damages, injunctive relief, and a reversal of the "strike" ruling in Case No. 14-cv-1274.

**Discussion**

Based on the allegations of the amended complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:**  Defendants denied Plaintiff access to the courts by failing to provide him with legal materials to prosecute his claim in *Wilson v. Gaetz*, No. 14-cv-71-NJR-DGW (S.D. Ill.);

> **Count 2:**  Defendants denied Plaintiff access to the courts by failing to provide him with legal materials to pursue claims in Illinois state cases No. 10-F-615 and 10-OP-1119;

> **Count 3:**  Defendants denied Plaintiff access to the courts by failing to provide him with legal materials to prosecute his claim in *Wilson v. Madigan*, No. 14-cv-1274-MMM-JEH (C.D. Ill.), causing the case to be dismissed and a "strike" to be imposed.

As the Court noted in the order severing these access-to-court claims into a separate action (Doc. 1), a plaintiff who asserts he was denied access to the courts must identify the case or claim that was lost or prejudiced as a result of the unlawful conduct. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Further, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). Notably, a mere delay, without more, is not necessarily a

detriment that rises to the level of a constitutional violation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603. *See also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

In the amended complaint, Plaintiff has listed four cases that he claims were delayed by Defendants' failure to provide him with legal supplies. As to the cases in Counts 1 and 2 (*Wilson v. Gaetz*, No. 14-cv-71-NJR-DGW (S.D. Ill.) and Illinois state cases No. 10-F-615 and 10-OP-1119), Plaintiff states only that there was delay, and it caused distress to him. This alone is not sufficient to state a constitutional claim. Therefore, in an effort to discern whether Plaintiff suffered any actual prejudice in these cases (as well as in the case which is the subject of Count 3), the Court shall examine the records that are available.

**Count 1–*Wilson v. Gaetz*, No. 14-cv-71-NJR-DGW (S.D. Ill.)**

Plaintiff filed this action in January 2014. In it, he claimed that he had been denied access to the courts because starting in March 2012, prison officials had limited his access to the law library. They also prevented him from attending a court hearing. These actions hindered Plaintiff in his attempts to litigate a family law matter[1] concerning violation of court orders on visitation with his son during his incarceration.

Plaintiff's original complaint in that case was dismissed, and he was directed to file an amended complaint. He did so in March 2014 (Doc. 7 in Case No. 14-71), which was the period

---

[1] Plaintiff referenced two family/child related cases in No. 14-71: Peoria County Circuit Court Case Nos. 10-OP-1119 and 10-F-615. These are the same actions which are the subject of Count 2 in this case.

when Defendants Hubbard, Miller, and Prasaki allegedly refused to supply him with legal materials. Plaintiff's amended complaint was timely filed in that action. Nothing in the Court's record indicates that Plaintiff was tardy in filing any pleadings or other documents, or that he suffered any prejudice to his ability to pursue the claims Case No. 14-71 during the time that he faced some delay because Defendants Hubbard, Miller, and Prasaki failed to provide him with legal supplies.

In fact, Plaintiff's amended complaint in Case No. 14-71 was given further consideration by the United States Magistrate Judge, and Plaintiff filed a number of motions and other documents during the pendency of the case. Ultimately, in September 2015, the case was dismissed on the defendants' motion for summary judgment (*see* Doc. 93 in No. 14-71). The undersigned Judge found that the defendants were entitled to qualified immunity, because there was no clearly established constitutional right for a prison inmate to receive assistance from prison officials in order to litigate a family law matter. Plaintiff's motion to alter/amend the judgment in that case is currently pending.

Because neither the amended complaint nor the record in Case No. 14-71 demonstrates that Plaintiff suffered any detriment to his ability to prosecute that action in this Court as a result of Defendants' failure to provide him with indigent legal supplies in 2014, Count 1 fails to state a claim upon which relief may be granted. Accordingly, **Count 1** shall be dismissed with prejudice.

**Count 2–Illinois State Cases No. 10-F-615 and 10-OP-1119**

While the Court does not have direct access to the state court documents in the above two cases, Plaintiff provided information on these cases to this Court in Case No. 14-cv-71, as well to the Central District in connection with Case No. 14-cv-1274. These exhibits are sufficient to

illustrate the nature of Plaintiff's claims in those matters.

In Peoria County Circuit Court Case No. 10-OP-1119, the mother of Plaintiff's son (April Sue Krigner) obtained an order of protection against Plaintiff. On June 15, 2011, the judge in that case entered a modified order stating that Krigner was not required to bring their son to visit Plaintiff during his incarceration or to reveal her residence address to him, but Plaintiff was allowed to write to his son at a particular Peoria address (Doc. 7-3, p. 13, in Case No. 14-71; *see also* Doc. 8, pp. 2-3, in C.D. Ill. Case No. 14-1274). In May 2012, Plaintiff sought to bring the matter back before the Peoria Circuit Judge, alleging that Krigner was in violation of the state court order because his letters to his son at the address in the court order had been returned as undeliverable (Doc. 7-3, pp. 20-24, 33, in Case No. 14-71).

In the other Peoria County Circuit Court Case, No. 10-F-615, Plaintiff filed a petition in February 2013 seeking to establish visitation and custody rights to his son (Doc. 7-4, pp. 8-12, in Case No. 14-71).

In the case now before the Court, Plaintiff does not explain what, if anything, he was doing to pursue any claims or relief in either of these Peoria County cases in March 2014 or thereafter, during the time Defendants refused to give him legal materials. But even if he had included more factual allegations regarding how he was prejudiced by Defendants' alleged misconduct, this claim would fail. As noted above in the discussion of Plaintiff's earlier case in this Court, No. 14-71, the undersigned Judge concluded that Plaintiff's access-to-court claim that was based on these same Peoria County family/visitation cases was not sustainable. An examination of relevant case law showed that the right of a prisoner to have assistance from prison officials to litigate a family law matter was not clearly established by applicable legal precedent. While a prisoner has the right to access the courts, he does not have the constitutional

right to receive assistance from prison officials in litigating a civil matter which is not a habeas petition or a § 1983 civil rights action. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Based on this authority, this Court found that the defendants in Case No. 14-71 were entitled to qualified immunity (*See* Doc. 93, pp. 4-7, in Case No. 14-71 (Sept. 18, 2015)). The same would be true in the instant case.

For this reason, **Count 2** shall also be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 3–*Wilson v. Madigan*, No. 14-cv-1274-MMM-JEH (C.D. Ill.)**

According to Plaintiff, this Central District of Illinois case, filed on June 27, 2014, was lost because the delay in bringing the case "voided" his federal claim (Doc. 1, p. 5). In the amended complaint, he states that Defendants' failure to provide him with legal materials caused him to file the case at a time when one of the defendants in that action (April Sue Krigner, the mother of Plaintiff's child) had returned to Illinois from another state. The Court understands Plaintiff's argument to mean that if he had filed the action while Krigner was residing outside of Illinois, diversity jurisdiction would have applied, and his federal claim could have been adjudicated in the Central District.

An examination of the Central District's order dismissing Plaintiff's case pursuant to § 1915A reveals that Plaintiff has misconstrued that court's reasoning and the basis for the dismissal (*see* Doc. 8 in Case No. 14-1274 (Sept. 15, 2014)). Plaintiff sued several state and local officials in that action: Illinois Attorney General Madigan; an Assistant Attorney General (Marlott) who brought the child support action in 10-F-615 against Plaintiff; the Peoria Mayor; the Peoria County Dept. of Human Services; a Peoria County Judge, the Circuit Clerk, and the Peoria County State's Attorney Office. *Id*. He also named Krigner, a private individual, as a

defendant. As with Plaintiff's case in this Court discussed above in Count 1, the Central District action was related to the 2011 state court order allowing Plaintiff to write letters to his son at a certain address in Peoria, Illinois, and Plaintiff's attempts to locate Krigner and his son after his mail to that address was returned as undeliverable. In 2012, Plaintiff sought an emergency hearing in state court, but Krigner could not be served with notice of the action. Plaintiff was incarcerated and unable to appear for the hearing, thus his petition was dismissed (Doc. 8 in No. 14-1274).

As to Plaintiff's claim against Krigner (which was a claim arising under state law for the alleged violation of the state court's order), the Central District observed that diversity jurisdiction would need to be present in order for a federal court to potentially hear the claim. The court further recognized, however, that even if diversity jurisdiction were to be established, the domestic relations exception would ordinarily prevent a federal court from hearing Plaintiff's claim (Doc. 8, p. 6, n.1, in Doc. 14-1274). Plaintiff did not show that he and Krigner were citizens of different states, because her last known address was in Peoria, Illinois. Indeed, the crux of Plaintiff's complaint was that he did not know Krigner's whereabouts, and several of the other defendants had failed to assist him in locating her (Docs. 1, 8 in No. 14-1274). The court concluded that Plaintiff must proceed in state court in order to enforce the visitation order or seek reconsideration of the state court's dismissal of his emergency petition (Doc. 8, p. 6, in No. 14-1274). Overall, Plaintiff's complaint failed to state a federal claim and did not demonstrate any violation of federal law. On that basis, the action was dismissed, and a "strike" was assessed pursuant to 28 U.S.C. § 1915(g) (Doc. 8 in No. 14-1274). Plaintiff did not appeal the dismissal of the case.

Nothing in the Central District's order dismissing Plaintiff's case (No. 14-1274) indicates

that diversity jurisdiction would have been established, or that the case would have been able to proceed, if Plaintiff had simply filed the action at an earlier date. Plaintiff's complaint in that case did not suggest that Krigner had moved to another state; only that she was no longer receiving mail at the previous Peoria address. The possibility that diversity jurisdiction would have been present earlier in 2014 is wholly speculative. In light of this record, even a liberal construction of Plaintiff's pleading in the instant case fails to suggest that he was prejudiced by Defendants' failure to provide him with legal materials in March 2014. Instead, all indications are that Plaintiff's case in the Central District would have faced dismissal regardless of the date of its filing, because it failed to state a federal claim upon which relief may be granted.

The dismissal of Plaintiff's case in *Wilson v. Madigan*, No. 14-cv-1274-MMM-JEH (C.D. Ill.) was not caused by the defendants' failure to provide him with legal supplies. Accordingly, **Count 3** fails to state a claim upon which relief may be granted for denial of access to the courts. This claim shall be dismissed with prejudice.

Finally, Plaintiff's assertion that Defendants' actions prevented him from obtaining legal representation does not support a claim for denial of access to the courts, even if his statement is true. Plaintiff has demonstrated his ability in each of the listed cases to file required documents with the courts, and to prosecute the actions *pro se*. There was no apparent prejudice to the progress of his cases due to his inability to secure counsel, and no constitutional violation occurred.

## Disposition

**COUNTS 1, 2, and 3**, and this entire action, are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that the dismissal of this case shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 19, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**